RAYMOND B. SWIGART *et al.*

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed October 23, 1906.*

1. ELECTIONS—*when general statute for submission of questions to voters does not control.* Where the legislature passes a law containing a referendum clause and providing a method of submitting the question of the adoption of the law to the voters the method so provided must be followed, notwithstanding the general statute would control the question except for such special provision.

2. SAME—*Chicago election for adopting amendment to City and Village act is valid.* The ballot used in the election of November 7, 1905, in the city of Chicago, upon the question of adopting the amendment to the act relating to the incorporation of cities and villages, conforms to the provision of the amendment itself for submitting the question to the voters, and hence the election is valid notwithstanding the ballot does not comply with section 16 of the Australian Ballot law, which controls, generally, the submission of such questions to the voters.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

This was a petition under the statute by five electors of the city of Chicago to contest the election held in Chicago on the 7th day of November, 1905, so far as it relates to the adoption of "An act to amend an act entitled 'An act to pro-

vide for the incorporation of cities and villages,' approved April 10, 1872, as amended by subsequent acts." As required by the statute under which the petition was filed, the county of Cook was made respondent thereto, and also the city of Chicago. A general demurrer to the petition filed by the city of Chicago and adopted by the county of Cook was sustained by the court below. The petitioners elected to abide by their petition. Judgment was entered in favor of respondents and against contestants, who have brought the case to this court for review by appeal.

The grounds of the contest as set forth in the petition are as follows:

*First*—That the question of the adoption by the people of the city of Chicago of said "Act to amend an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, as amended by subsequent acts," approved May 18, 1905, was not submitted to the people of Chicago in the manner provided by the statutes of the State of Illinois then in force, in this: that the substance of the said act was not clearly indicated on the ballots furnished to the said judges of election and by them furnished to the voters at the respective voting precincts and districts as required by law, and that, in fact, nothing was stated on the said ballots, or any of them, that gave any information as to the substance or character of the said act so submitted for adoption.

*Second*—That no specimen ballots, with the substance of the said act printed thereon, were furnished by the said judges for posting in and about the polling places of said election or posting in five or more public places in the respective voting precincts, nor were any such ballots posted in or about the polling places in the respective voting precincts, or any of them; that the only specimen ballots furnished for posting, and the only specimen ballots posted at any place in the city of Chicago prior to said election, were in the form given below.

The ballot used in the city of Chicago, except in the town of West Chicago, was in the following form:

| | | |
|---|---|---|
| For the Adoption of the Act to Amend an Act Entitled, "An Act to Provide for the Incorporation of Cities and Villages." | Yes | |
| | No | |

| | |
|---|---|
| For Consenting to the Act Entitled, "An Act in Relation to a Municipal Court in the City of Chicago." | |
| Against Consenting to the Act Entitled, "An Act in Relation to a Municipal Court in the City of Chicago." | |

| | | |
|---|---|---|
| "For the Adoption of an Act Entitled, 'An Act to Confer Upon the City of Chicago Power and Authority to Sell Surplus Electricity and to Fix the Rates and Charges for the Supply of Gas or Electricity, and to Fix the Rates and Charges for the Supply of Gas or Electricity for Power, Heating and Lighting Furnished by any Individual, Company or Corporation to said City of Chicago and the Inhabitants Thereof.'" | Yes | |
| | No | |

| | | |
|---|---|---|
| Proposed Creation of Forest Preserve District in Cook County to be known as the Forest Preserve District of Chicago. | Yes | |
| For the creation of a Forest Preserve District under an Act of the General Assembly of Illinois entitled, "An Act to provide for the creation of forest preserve districts," approved May 18, 1905, in force July 1, 1905. The territory to be embraced in such district is the County of Cook, except the towns of Bloom, Rich, Thornton, Bremen, Orland, Elk Grove, Schaumberg, Hanover, Barrington, Palatine, and the west half of the town of Wheeling, said district to be known as the Forest Preserve District of Chicago. | No | |

The only proposition voted upon by the electorate of Chicago that is in question in this case is the one submitted in the first proposition appearing on the above ballot.

The ballot used in the town of West Chicago for said election was in all respects like the one above set out, except two propositions to issue bonds were appended to the West

Chicago ballot and voted upon. But this matter is in no way involved here.

The act of the legislature the adoption of which is involved here was passed and approved in 1905, and is found in Hurd's Revised Statutes for that year, on pages 318-321.

ROBERT F. PETTIBONE, for appellants.

MACLAY HOYNE, FRANK L. CHILDS, and WILLIAM F. STRUCKMANN, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

For many years the necessity for legislation for the city of Chicago which was not suited to the conditions of the people generally throughout the State has been recognized. Under our constitution prohibiting local or special laws this necessity could not be relieved, and various methods of meeting the required needs have been resorted to from time to time by the legislature. For the purpose of simplifying the procedure and permanently relieving the situation the legislature of 1903 submitted an amendment to the constitution and at the November election, 1904, it was adopted by the people, the effect of which was to permit the legislature to pass any law, local, special or general, providing a scheme or charter of local municipal government for the city of Chicago. (See section 34 of article 4 of the constitution of 1870.) The validity of this constitutional amendment, and of the Municipal Court act passed by authority thereof, was sustained by this court in *City of Chicago v. Reeves*, 220 Ill. 274. Since the adoption of this amendment the legislature is not restricted in the passage of local or special laws applicable alone to the city of Chicago in furtherance of the general purposes of the amendment, except such restrictions and conditions as are contained in the amendment itself. By the last clause of this amendment it is provided that no law passed, based upon it, affecting the municipal government

of the city of Chicago, should take effect until such law should be consented to by a majority of the legal voters of the said city voting on the question at an election, general, municipal or special. It was by virtue of this amendment to the constitution that the legislature passed the law now in question, and by virtue of the referendum clause that the election was held for the adoption thereof. By section 4 of part I the form of the ballot to be used in submitting this law to the voters of the city of Chicago is prescribed, and it will be found by comparison of this section of the statute with the ballot set out in the statement preceding this opinion that there was a literal compliance with section 4 respecting the form of the ballot.

Section 16 of chapter 46, known as the Australian Ballot law, (Hurd's Stat. 1905, p. 931,) reads as follows: "Whenever a constitutional amendment or other public measure is proposed to be voted upon by the people, the substance of such amendment or other public measure shall be clearly indicated on a separate ballot, and two spaces shall be left upon the right-hand margin thereof, one for the votes favoring the amendment or public measure, to be designated by the word 'Yes,' and one for votes opposing the amendment or measure, to be designated by the word 'No,' as in the form herein given:

| Proposed amendment to the Constitution (or other measure) | Yes | X |
|---|---|---|
| Here print the substance of the Amendment (or other measure) | No | |

The contention of appellants is, that the provisions of section 16 were applicable to the election held for the adoption of the law involved in this contest. As we understand the argument of appellants, it is that the amendment to the constitution referred to does not authorize the passage of a special or local law respecting any of the subjects enumerated in section 22 of article 4 of the constitution, nor in any other

case, "when a general law can be made applicable," and that since section 16 of the Australian Ballot law above quoted is a general statute on the subject of the submission of constitutional amendments and other public measures, the legislature had no power to provide in section 4 of part 1 of the law now under consideration, for the submission of this law to the voters of the city of Chicago by a special clause that did not require the substance of such measure to be clearly indicated on the ballot, as required by said section 16.

When the power of the legislature to pass a local or special law is conceded, it is difficult to understand why the special law which is to be submitted to a vote of the people may not also provide a special or particular manner in which the same shall be voted upon. It is to be noted in this regard that the referendum clause of the amendment to the constitution does not provide any particular method by which the proposed law should be submitted to the legal voters of the city, the language in regard to this subject being: "No law based upon this amendment to the constitution, affecting the municipal government of the city of Chicago, shall take effect until such law shall be consented to by a majority of the legal voters of said city voting on the question at any election, general, municipal or special." There being no limitations or restrictions in the constitutional amendment itself as to the form of the ballot to be used in voting upon any special law passed in pursuance of this amendment, and the legislature having express power to pass any law, local, special or general, providing for a scheme or charter of local municipal government for the city of Chicago, there can be no valid objection to a provision incorporated in the law to be voted upon, providing for the form of the ballot to be used in the election to adopt or reject such law.

In the case of *Harvey* v. *Cook County*, 221 Ill. 76, an amendment to the law known as the "Torrens Land law" was submitted to the electors of Cook county. The amendatory act voted upon provided that the question might be sub-

mitted in the following manner: "In any county of the first or second class, as the same are classified in the act concerning fees and salaries, on the petition of not less than one-half of the legal voters, to be ascertained by the vote cast at the last preceding election for county officers, or in any county of the third class upon petition of not less than twenty-five hundred (2500) legal voters praying the submission of the question of the adoption of this act, the clerk shall give notice that such question will be submitted at such election, and shall cause to be printed at the top of the ballot to be used for said election:

| For extension of the Torrens land title system | |
|---|---|
| Against extension of the Torrens land title system | |

At the election when the amendment was voted upon, November 8, 1904, the constitutional amendment permitting local or special legislation for the city of Chicago was also voted upon, and hence, under section 16 of the Australian Ballot law, a separate ballot was provided containing the submission of the constitutional amendment, and the question of the Torrens Land law amendment was printed at the top of the ballot containing the constitutional amendment, instead of being on the regular ballot containing the names of candidates to be voted for at that election, and it was held that the amendatory act was not adopted for the reason that the question was not submitted in the precise way and on the particular ballot provided for in the amendatory act itself.

The reasonable rule to be drawn from the decision in the *Harvey case* is, that when the legislature passes a law with a referendum clause in it, and in such law provides the method by which the same is to be submitted to a popular vote, the method therein provided must be followed, notwithstanding other general provisions of the statute may exist which would control the manner of submission but for the special provision. This view is further strengthened by the fact that in

the *Harvey case* section 16 of the Ballot law was followed in regard to submitting the amendment on a separate ballot, and it was held that the language in the proposed amendment requiring the question "to be printed at the top of the ballot to be used for said election," meant the regular ballot which would certainly and inevitably be used at the said election, and not the special ballot that happened to be used because of the submission of the constitutional amendment. We regard this case as a direct authority which settles the controverted questions adversely to the contention of appellants. The Municipal Court bill for the city of Chicago was passed by the legislature in 1905. That law provides an entirely new system of courts for the city of Chicago hitherto unknown to the judicial system of Illinois. The act contains sixty-seven sections, and is found in Session Laws of 1905, pages 157-186. The last section of the act provides a form of ballot to be used at the election in voting upon the act, as follows: "For consenting to an act entitled 'An act in relation to a municipal court in the city of Chicago.' Against consenting to an act entitled 'An act in relation to a municipal court in the city of Chicago.'" There was no attempt to comply with section 16 of the Ballot law, wherein it is required that the substance of the measure to be voted upon shall be clearly indicated upon the ballot, yet the law has been upheld in *City of Chicago* v. *Reeves, supra,* and while the precise objection here raised to the act now in controversy was not raised there, still the effect of sustaining appellants' position here would be to overrule our decision in the *Reeves case* and nullify the Municipal Court act and unsettle the law with reference to other measures that have been passed in pursuance to the constitutional amendment above referred to.

We are of the opinion that the act in question was properly submitted and legally adopted and is a part of the subsisting law in the city of Chicago. The judgment of the court below in sustaining the demurrer to appellants' petition is therefore affirmed. *Judgment affirmed.*