(No. 26684.—

THE PEOPLE *ex rel.* John Toman, County Collector, Appellant, *vs.* HOWARD AMES, Appellee.

*Opinion filed September 21, 1942.*

THOMAS J. COURTNEY, State's Attorney, and BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, OTHO S. FASIG, EMMETT HARRINGTON, and J. HERZL SEGAL, of counsel,) for appellant.

ADELBERT BROWN, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The county judge of Cook county sustained the objection of appellee, Howard Ames, to an appropriation of $800,000 in the 1939 appropriation ordinance of the city of Chicago, for the purpose of paying expense in connection with the relocation of railroad tracks traversing the municipal airport. The revenue is involved and the People appealed to this court.

It appears that in 1938 an ordinance was adopted authorizing the relocation of said railroad tracks, and making provision for the expense in connection therewith, and during said fiscal year 1938 the city of Chicago appropriated and levied the sum of $800,000 for that purpose. The improvement was not commenced during 1938, and at the end of the year such appropriation lapsed. In the mean-

time certain changes had been made in the ordinance, requiring additional money, and in the appropriation ordinance for the year 1939 the sum of $994,728 was again appropriated for this purpose. In making up the appropriation ordinance, in accordance with the provisions of law applying to cities in excess of 500,000, (Ill. Rev. Stat. 1939, chap. 24, par. 102,) there were set forth all classes of current assets and liabilities of each fund, as of the beginning of the year, and the amount of assets available for appropriation, either for expenditures to be made or incurred during the year. Among the assets thus estimated were net taxes receivable from the 1938 levy $4,215,032.50. In the same ordinance there was appropriated for the relocation of said tracks the above sum of $994,728. The levy ordinance included the same sum for the same purpose, but specified such amount was not to be paid out of the money raised by the tax levy. The total amount of current assets, exclusive of tax levy and other revenue for 1939, was $18,492,880.92. The liabilities existing as of January 1, 1939, were $15,528,100.54, thus leaving current assets appropriable for the year 1939 of $2,964,780.38.

The county judge found the sum of $800,000 contained in the appropriation ordinance and the tax-levy ordinance of 1939 was excessive to that extent, and that said sum entered into the computation of the 1939 levy. The budget law provides that any sums appropriated and not expended during the fiscal year shall be reported annually by the city comptroller. (Ill. Rev. Stat. 1939, chap. 24, par. 117, sec. 17.) Under this law the appropriation ordinance contains an estimate of resources and liabilities, as well as all sums appropriated, whether to be paid from current assets or from money to be derived from the tax levy. Such estimates and appropriations determine the amount of the tax levy. In ascertaining this amount the net resources of the city from miscellaneous receipts, uncollected taxes less liabilities and other sources are taken into consideration,

and taxes levied to pay the sums appropriated, which will not be paid from resources available as shown by the estimates. (*People ex rel. Gill* v. *Schiek,* 368 Ill. 353.) The sum of $800,000 which had been levied in 1938 constituted an asset, whether collected or in the process of collection, and was necessarily reappropriated in the ordinance of 1939; otherwise it could not be applied to the purpose of relocating said railroad tracks.

Likewise in the tax-levy ordinance, not only was it necessary to specify the purposes for which the taxes levied for that year were to be expended, but it was also necessary to specify the purpose for which the other assets and miscellaneous revenue coming into the hands of the city might be expended. If the purpose for which a sum is appropriated is to be paid out of miscellaneous revenue or other assets it does not affect the amount of the tax levy, unless the actual levy for corporate purposes could be reduced by that amount. In the present case there was a reappropriation of the $800,000 in order to authorize its expenditure, and in the tax-levy ordinance there was authorization to pay the same out of sources other than the levy of money for taxes, so the effect of the two ordinances for the year 1939 was to authorize the sum of $800,000 to be expended for the same purpose as that for which it was authorized but not expended in 1938.

This it was proper for the city to do, because it had on hand over $2,000,000 of assets from previous years not necessary to pay existing liabilities, and had in addition all of its current revenue estimated to amount to over $21,000,000. No new money was being raised by the tax levy for this purpose. If the levy ordinance had provided out of the tax levy of $37,000,000 the sum of $994,728 was to be raised by the extension of taxes upon property, then the sum of $800,000 would have been duplicated and two taxes would have been levied for the purpose of paying this item. The manner in which it was done shows **it**

was but a reappropriation of the money to be paid out of revenues not raised by the current tax levy. When understood in this way the said sum did not enter into the computation of the $37,000,000 levy for corporate purposes either in increasing or diminishing it. The money was presumptively on hand, and the purpose for which it is levied having not been carried out in 1938 it was proper to reappropriate the same funds for the same purposes in the following fiscal year, and to do so does not make the appropriation for 1939 excessive. There is no evidence to show any of the items specified in the levy ordinance to be paid out of the $37,000,000 tax levy were unnecessary or excessive. The principles applicable to this situation are set forth in *People* v. *Schiek, supra,* and *People ex rel. Toman* v. *Mercil & Sons Plating Co.* 378 Ill. 142. The county court erred in sustaining this objection.

The county court also sustained objections to taxes of the city of Chicago levied in the sum of $200,000, described in the appropriation ordinance as "for building purposes and purchase of buildings, sites and equipment of library buildings—$400,000." The record with respect to the library tax is insufficiently abstracted to show all the facts. The record discloses that in the estimate of assets and liabilities for library *maintenance* there were cash and uncollected taxes and other assets on hand amounting to $1,000,785.50. In the *building fund* of the library there were assets in the way of uncollected taxes, cash, etc., $311,408.22 as expendable during the year 1939. There was added to the library maintenance fund the peg levy amount authorized by statute $2,000,000, and to the amount expendable in the building fund there was added the amount produced by a tax of one tenth of a mill on the dollar, *viz.,*—$200,000.

In the appropriation ordinance for the operation and maintenance of the library there was appropriated the sum of $2,400,000; for the building fund of the library there was appropriated the item above mentioned for building

purposes, etc., $400,000; for replacements, alterations, repairs to buildings $100,000; and for loss and cost $20,000. In the tax levy the amount to be raised by taxation for maintenance and operation was $2,000,000, and to be raised for building purposes $200,000. The contention is made by appellee, and sustained by the county court, that the appropriation "for building purposes and purchase of buildings, sites, equipment of library buildings" by the use of the words "building purposes" duplicated a purpose which must be paid out of the peg levy of $2,000,000. In other words, it is claimed the term "building purposes" includes maintenance and repairs as well as actual construction, but the cases cited to support this position, *viz.,—People ex rel. Stuckart* v. *Klee,* 282 Ill. 440, and *People ex rel. Stuckart* v. *Chicago & Alton Railway Co.* 289 id. 282, do not sustain same, but rather tend to hold that repairs or improvements are different from construction. The statute applicable (Ill. Rev. Stat. 1937, chap. 81, par. 1, sec 1) provides after 1938, in cities of over 150,000, there shall be annually levied for maintenance and operation of a library a tax of not to exceed three fourths of a mill on the dollar, or a rate which will produce when extended not to exceed $2,000,000; and provides also an additional tax of one tenth of a mill on the dollar for the purchase of sites and buildings, and for the construction and equipment of buildings.

In *People ex rel. Toman* v. *Crane,* 372 Ill. 228, in construing a similar statute for library purposes we held it was plain there should be a separate appropriation for the separate purposes of maintenance and operation as distinguished from building purposes. The statute there construed was the same as that involved in this case, except as to the amount of tax that might be levied, and hence the *Crane case* is controlling. We are unable to see how the appropriation for building purposes and purchase of buildings, sites and equipment is any broader and includes

any more than the language of the statute which authorizes one tenth of a mill on the dollar for the purchase of sites and buildings and for the construction and equipment of buildings.

There was sufficient in the building fund, when the tax levy is included, to appropriate the sum of $400,000 for the purposes mentioned. The tax levy however extended the sum of $100,000 for replacements, alterations and repairs to buildings. The cases of *People* v. *Klee* and *People* v. *Chicago & Alton Railway Co. supra,* apply to this item rather than the one to which it is applied by counsel. The special levy of one tenth of a mill on the dollar can be applied only for purchase of sites and buildings and for the construction and equipment of buildings. It is manifest that replacements, alterations and repairs do not in any sense constitute purchase of sites, buildings or construction and equipment of buildings, and hence could not properly be paid out of a fund levied for the purposes described in the statute. Such repairs, replacements and alterations would clearly come within the purpose of maintenance and operation for which a levy of not to exceed $2,000,000 was authorized. It was therefore improper to include in the levy ordinance the expenditure of $100,000 out of the fund created for building purposes.

The judgment of the county court in sustaining the objection to the item of $800,000 appropriated for the relocation of railroad tracks is reversed, with directions to overrule the objection. And the judgment of the county court in sustaining objections to $200,000 of the library tax levied for building purposes is reversed and remanded, with directions to sustain the objection to the extent of $100,000, only.

*Reversed and remanded, with directions.*