(No. 32233.—

THE PEOPLE *ex rel.* Cecil Duguay, County Collector, Appellee, *vs.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed March 20, 1952.*

Eva L. Minor, of Kankakee, for appellant.

Frank W. Curran, State's Attorney, Edward P. Drolet, and Small & Sale, all of Kankakee, for appellee.

Mr. Chief Justice Daily delivered the opinion of the court:

This is an appeal from the judgment of the county court of Kankakee County overruling objections of New York Central Railroad Company, the appellant, to the application of the county collector for judgment and order of sale against property owned by appellant, for certain 1949 taxes paid under protest. The cause has been certified to this court as an agreed case and it was stipulated in the trial court that the county collector had made a *prima facie* case.

The county board levied a tuberculosis sanitarium tax for the year 1949 in the sum of $92,500, for the following itemized purposes: Administration, $2000; Salaries of Nurses, $4500; Physicians' Fees, $3000; Laboratory X-rays, $2000; Caring for Tubercular Patients in Public and Private Sanitaria, $81,000. To produce the sum required by such levy the county clerk extended a rate of .052 cents on the $100 valuation, in addition to the maximum rate of .125 cents on the $100 valuation for general county purposes. Appellant objects to the amount of tax produced by the rate extended in addition to the statutory

limit, contending that there was no authority to extend the additional rate.

The record discloses that the voters of Kankakee County voted favorably in November, 1938, to allow a tax in excess of the maximum statutory limit during the years 1939 to 1948, inclusive, for the purpose of establishing and maintaining a county tuberculosis sanitarium in accordance with "An Act relating to county tuberculosis sanitaria." (Ill. Rev. Stat. 1937, chap. 34, pars. 164-175a.) On June 13, 1948, a petition was presented to the county board requesting that the question of levying a special tax "for the care of persons with tuberculosis who are residents of Kankakee county" be submitted to the voters at the November, 1948, election, in accordance with "An Act relating to the care and treatment by counties of persons afflicted with tuberculosis and providing the means therefor," as amended. (Ill. Rev. Stat. 1947, chap. 34, pars. 164-175k.) The following day the board adopted a resolution which instructed the county clerk to place before the voters the question of raising a tax in addition to the statutory maximum during the years 1948 to 1957, inclusive, for the purpose of providing care and treatment for residents of Kankakee County afflicted with tuberculosis, in accordance with the act above referred to. The resolution set forth that a "for" and "against" type ballot should be used, as follows: "For the levy of an additional tax not to exceed a rate of .075 per cent of the full, fair cash value of the taxable property of Kankakee County, Illinois, as equalized or assessed by the Department of Revenue, excess of the statutory limit for county purposes of .125 per cent of the full, fair cash value as equalized or assessed by the Department of Revenue for the years A.D. 1948, 1949, 1950, 1951, 1952, 1953, 1954, 1955, 1956 and 1957 for the establishment and maintenance of a County Tuberculosis Sanitarium in Kankakee County, Illinois, in accordance with 'An Act relating to the care and treatment by

counties of persons afflicted with tuberculosis and providing the means therefor,' approved June 28, 1915, as amended." At the election on November 2, 1948, the ballot was in the form prescribed by the resolution and the proposition carried. The additional tax of which appellant complains was levied under the authority conferred by the last described vote of the people.

It is stipulated that Kankakee County has never established or maintained a tuberculosis sanitarium and that all funds levied and collected pursuant to the vote of the people have been used to provide sanitarium care and treatment for county tubercular patients in private or public sanitaria located within the State. Appellee urges that the authority to so expend funds raised is derived from the language of section 7 of the County Sanitariums Act, (Ill. Rev. Stat. 1947, chap. 34, par. 170,) which provides that "Boards of directors in counties without public tuberculosis sanitarium facilities may use funds secured under the provisions of this Act in providing sanitarium care of tuberculosis patients in private or public sanitariums of the State."

Although there is some suggestion in this court that the county board was not empowered by the County Sanitariums Act to levy a tax for care of patients in public and private sanitaria, the question of law which has been certified to this court embraces only the validity of the tax for tuberculosis sanitarium purposes which was extended in excess of the maximum rate allowable for general county purposes, and we shall confine ourselves to that issue. A further factor which necessarily limits our discussion to the issue certified by the trial court is that the record filed in this court does not give us the benefit of the specific objection, and grounds therefor, advanced by appellant.

The County Sanitariums Act is an act complete in itself, and unless an additional tax is required for its pur-

poses, the county board need not refer to any other statute for authority to levy the taxes authorized by the act. But when an additional tax is required the board derives its authority to levy such additional tax only by complying with the requirements of section 27 of the Counties Act, (Ill. Rev. Stat. 1947, chap. 34, par. 27,) and a resulting favorable vote of the people. The latter act is also complete in itself and is not modified or amended by any provision of the County Sanitariums Act. Section 27 requires that the county board shall, by resolution, set forth the amount of additional tax required, the purpose for which it is required, the number of years such excess will be required to be levied, and provide for the submission of the question of assessing the additional rate required to the vote of the people. When this is done, and the voters have voted in the affirmative for the proposition, section 27 provides that the "board shall have the power to cause such additional tax to be levied and collected in accordance with the terms of such resolution, and the money so collected shall be kept as a separate fund and disbursed only for the purpose for which the same was raised."

Appellant contends that the resolution of the board made prior to the 1948 election states one purpose, namely, the levy of an additional tax for care and treatment of tubercular patients, but that the form of ballot prescribed and the ballot actually used to submit the proposition to the voters state another purpose, that is, that the additional tax be levied for the establishment and maintenance of a tuberculosis sanitarium in Kankakee County. It is urged that this was the only purpose for which an additional tax was authorized by vote of the people in 1948, and that the 1949 tuberculosis sanitarium tax levy, not being for such purpose, is unauthorized and void.

We are of the opinion that the resolution of the county board sufficiently conformed to the requirements of section 27. Reading the resolution as a whole, it is clear that

the additional tax was to be levied for the purpose of giving the care to county tubercular patients contemplated by the statute and to enable the county to provide one of the prescribed manners of treatment for its residents who were so afflicted. This general designation of purpose was sufficiently specific in the resolution calling the election, and the manner in which the proposition was stated on the ballot was, when read with the notice or resolution of the board, sufficient to inform the public that the additional tax was for the general purpose of the act "relating to the care and treatment by counties of persons afflicted with tuberculosis and providing a means therefor." Such a general designation of purpose in the resolution, made pursuant to section 27, has been held sufficient to authorize the levy and extension of a valid tax following a favorable vote of the people. (*People ex rel. Ricker v. Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 508.) While the purposes for which the 1949 levy was made were not stated on the ballot, such purposes were included within the general purpose which the ballot did embrace, and the levy was valid. Even though the ballot did not contain the substance of section 7 of the County Sanitariums Act, the ballot submitted the proposition in the form prescribed by section 27 of the Counties Act, and substantially followed the language prescribed by the legislature in the County Sanitariums Act. Where the legislature passes a law with a referendum clause in it, and in such law prescribes the method by which the law is to be submitted to a popular vote, the method therein must be followed, notwithstanding other general provisions of the statute may exist which would control the manner of submission but for the special provision. (*Swigart v. City of Chicago,* 223 Ill. 371.) The legislature, in its discretion, prescribed the manner in which the proposition of levying taxes for a county tuberculosis sanitarium should be submitted to the voters, and this guide must control despite the general pro-

visions of section 7. Considering the record and pertinent legislation in their entirety, and not just the isolated language of the ballot upon which appellant relies, it is our conclusion the 1948 election authorized the board to levy and extend a tuberculosis sanitarium tax for the purposes stated in the 1949 levy. The court did not err in overruling this objection.

Appellant next makes the contention that the 1948 election authorizing the additional tax was void because the 1938 resolution of the county board and the election held pursuant thereto, had already authorized a levy for 1948. It is argued that during the ten-year period described in the 1938 resolution and ballot, of which 1948 was the last year, there was no authority in the board to authorize another election for the same purpose, or for increasing the amount of additional tax which was authorized by the 1938 election. We do not read this provision into section 27 as does appellant, nor is any authority cited to support such a position. The section seeks to protect the taxpayer by saying that the order of the county board shall set forth the number of years such excess will be required to be levied, but we find nothing in the section which prohibits the board from proposing, and the taxpayer from imposing on himself, an increased additional tax for a given purpose, when it is within the limits prescribed by law, and its necessity arises, without regard to the term of years for which a previous additional tax has been proposed and authorized. We do not perceive any merit to the contention as it is advanced here, nor does this record demonstrate that there has been any injury to the taxpayer as a result of the overlapping of the terms of years.

Further objections of appellant challenged the validity of rates extended in the Kankakee Park District and in High School District 307. It is contended that the referendum held in each district to establish the rates extended

was in violation of subparagraph 3 of section 162a of the Revenue Act. (Ill. Rev. Stat. 1947, chap. 120, par. 643a.) The same issues raised have already been determined by this court in *People ex rel. Ross* v. *Chicago, Burlington & Quincy Railroad Co. ante,* page 167, adopted at the January term, 1952, and appellant has conceded in oral argument before this court that the objections here raised are controlled by that decision. No useful purpose can be served by treating on the question further and we hold that the trial court properly overruled the objections.

Appellant makes the objection for the first time in this court that the referendum held in the Kankakee Park District on April 3, 1948, is void because the ballot used was not in the proper statutory form. Objections not made in the trial court in the manner prescribed by section 235 of the Revenue Act, (Ill. Rev. Stat. 1947, chap. 120, par. 716,) may not be raised for the first time in this court and will not be considered. *People ex rel. Nelson* v. *Trustees Central Mfg. Dist.* 407 Ill. 291; *People ex rel. Rott* v. *New York Central Railroad Co.* 369 Ill. 192.

The judgment of the county court of Kankakee County is affirmed.

*Judgment affirmed.*