RUTH D. LUNDE *et al.*, Plaintiffs-Appellants, v. THE ROCKFORD PUBLIC LIBRARY BOARD *et al.*, Defendants-Appellees.

Second District   No. 2—86—0148

Opinion filed March 30, 1987.

Robert R. Canfield Law Offices, of Rockford, for appellants.

Robert J. Oliver, of Connolly, Oliver, Close & Worden, of Rockford, for appellees.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs appeal the judgment of the circuit court of Winnebago County dismissing their complaint against the Rockford Public Library Board (board) and its director Joel Rosenfeld.

The complaint, in two counts, sought an injunction or declaratory judgment to prohibit the board from spending funds for library reconstruction which were derived from a referendum increasing the tax rate for library purposes pursuant to an ordinance authorized by section 3—1 of the Illinois Local Library Act (Library Act or Act) (Ill. Rev. Stat. 1983, ch. 81, par. 3—1).

The board decided to seek an increase in the maximum rate permitted for the annual library fund levy from .15% to .30%. The matter was submitted to the voters of Rockford at a regular election held March 30, 1984, and it was approved. Plaintiffs' complaint alleges that shortly thereafter, the board began formulating plans for major structural changes in the library building to be paid for with money made available by the referendum. The complaint alleged that the use by the board of money from the library fund for alterations, structural changes, or remodeling of the library buildings is unlawful. Count I of the complaint sought an injunction preventing the board from making such expenditures from the library fund. Count II sought a declaratory judgment that expenditures from the library

fund for structural building changes and remodeling of the library building are unlawful.

The board filed a motion to dismiss plaintiffs' complaint under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) as being substantially insufficient in law. The motion stated that the Library Act specifically authorized the board to make the expenditures complained of in plaintiffs' complaint.

The trial court issued a memorandum opinion finding that under section 3—5 of the Local Library Act (Ill. Rev. Stat. 1983, ch. 81, par. 3—5), expenditures from the library fund are to be under the direction of the board and under sections 4—7(2) and 4—7(5) of the Library Act (Ill. Rev. Stat. 1983, ch. 81, pars. 4—7(2), 4—7(5)), the board had control over the expenditure of funds from the library fund and the power to remodel or reconstruct its buildings. The trial court concluded that the use of the library fund for structural building changes and remodeling of the building was within the power and authority of the board and, accordingly, dismissed the complaint. Plaintiffs appeal.

Plaintiffs raise six issues on appeal: (1) a complaint attacked by a motion to dismiss should be interpreted in the light most favorable to the plaintiff; (2) tax money acquired by a referendum for "maintenance and operation" cannot be spent for a major building program; (3) the remedy of declaratory judgment must be liberally construed to provide a binding declaration of rights without requiring parties to make irrevocable changes in position jeopardizing their rights; (4) the board was required to disclose in the official explanations that the funds sought were to be applied to a rebuilding of the library building; (5) sections 3—5 and 4—7 do not expand the authority of the board to spend funds raised under section 3—3 of the Library Act; and (6) injunction and declaratory judgment are desirable methods of achieving proper disposition of the case before the court.

We will limit our analysis to those issues which plaintiffs have supported with citation to legal authority as required by Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)). While plaintiffs have listed the 13 cases in the "Points and Authorities" section of their appellants' brief, they have failed to integrate the majority of those cases into the arguments section of their brief. Nor have they attempted to cite the page of any case to direct us to the point of law in the case upon which they rely as legal authority.

■■■ Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)) provides, among other things, that an appellant's brief must contain citations to the relevant authority supporting the argument advanced on appeal. (See *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341,

345, 459 N.E.2d 651; *Michalek v. Village of Midlothian* (1983), 116 Ill. App. 3d 1021, 1039, 452 N.E.2d 655.) A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 943, 453 N.E.2d 1133; *Pecora v. Szabo* (1982), 109 Ill. App. 3d 824, 825-26, 441 N.E. 2d 360.) A contention that is supported by some argument but by no authority whatsoever does not satisfy the requirements of Supreme Court Rule 341(e)(7). (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43, 453 N.E.2d 1133; *Wilson v. Continental Body Corp.* (1981), 93 Ill. App. 3d 966, 969, 418 N.E.2d 56.) The well-established rule is that bare contentions without argument or citation of authority do not merit consideration on appeal. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 419, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232; *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43, 453 N.E.2d 1133.) We treat the arguments unsupported by citation to legal authority as waived. *Nancy's Home of the Stuffed Pizza, Inc. v. Cirrincione* (1986), 144 Ill. App. 3d 934, 939, 494 N.E.2d 795.

This appeal involves the single question of whether library funds derived from a levy increased pursuant to a section 3—1 referendum, conducted under the terms of section 3—3 (Ill. Rev. Stat. 1983, ch. 81, pars. 3—1, 3—3), may be used for the purpose of structural building changes and remodeling, under the authority given to the board in the Local Library Act (Ill. Rev. Stat. 1983, ch. 81, par. 3—1 *et seq.*).

We begin our review, much as did the trial court, with an analysis of the scope of the authority of the board to expend monies from the library fund. Section 4—7(2) of the Local Library Act (Ill. Rev. Stat. 1983, ch. 81, par. 4—7(2)) provides that the board shall have the power "[t]o have the exclusive control of the expenditure of all moneys collected for the library and deposited to the credit of the library fund." It also has the "exclusive control" of the construction of any library building (Ill. Rev. Stat. 1983, ch. 81, par. 4—7(3)), to construct appropriate buildings for the use of the library (Ill. Rev. Stat. 1983, ch. 81, par. 4—7(4)), and to remodel or reconstruct a building erected or purchased by the board, when such building is not adapted to the library's purposes or needs (Ill. Rev. Stat. 1983, ch. 81, par. 4—7(5)).

■ It is apparent from an analysis of section 4—7 that no requirement of a referendum for public approval is imposed upon the board for the *expenditure* of "library funds" for remodeling or reconstruction. Rather, such decisions are under the "exclusive control" of the board.

■ The next inquiry requires an analysis of the statutory author-

ity of the board to seek an increase in the tax rate for library purposes and to determine whether that authority circumscribes the previously discussed "exclusive control" of the board over the expenditures of library funds as determined by the Local Library Act as a whole. Section 3—1 of the Act provides that in any city of 500,000 or fewer inhabitants, the corporate authority shall levy a tax for "library purposes" not to exceed .15% of the value of all taxable property. The corporate authorities are also authorized to increase the tax rate for such purposes, that is, library purposes, by ordinance and submission of the proposal to the voters as was done in the instant case. If a majority of the votes cast is in favor of the increase, the corporate authorities may, thereafter, levy at the increased rate for "library purposes." Ill. Rev. Stat. 1983, ch. 81, par. 3—1.

Section 3—1 directs that the ballot for such an increase for "library purposes" be in the form prescribed in section 3—3 (Ill. Rev. Stat. 1983, ch. 81, par. 3—3). That section of the Act prescribes that the language which is to appear on the ballot for the referendum shall appear as follows:

> "Shall the annual library tax for *maintenance and operation* in (insert name of city) be increased from (insert present tax) to (insert proposed tax)?" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 81, par. 3—3.)

It is the language we have emphasized, "maintenance and operation," which gave rise, at least in part, to the instant case. There is obviously a variance between the purpose of the increase in section 3—1, being for "library purposes," and section 3—3, describing the purpose of the increase as being for "maintenance and operation."

This regrettable ambiguity may have arisen during numerous amendments to the Local Library Act over the years. (See Ill. Ann. Stat., ch. 81, par. 3—1 *et seq.*, at 227 (Smith-Hurd 1987).) Instead of using the phrase "library purposes" as in section 3—1, section 3—2 (Ill. Rev. Stat. 1983, ch. 81, par. 3—2), which provides for library funding in any city over 500,000 population, speaks of "maintenance and operation." The latter language is then repeated in the following section, section 3—3, which prescribes the language for the ballot which is to be used for section 3—1, 3—2, and 3—4 referenda. Plaintiffs appear to conclude that the language on the ballot, being arguably more narrow, thus circumscribed the "exclusive control" of the board to expend the library funds derived from the increase in the tax levy authorized by section 3—1.

However, the board was not free to be more specific in particularizing the purposes for which it intended to spend funds for which ap-

proval by referendum was sought. Where a law contains a referendum clause which specifies a particular form of a ballot, that method must be followed. (*People ex rel. Duguay v. New York Central R.R. Co.* (1952), 411 Ill. 584, 104 N.E.2d 765.) Further, it is not necessary that the ballot set forth the details of the proposition to be voted upon or otherwise serve the function of educating the voter on its merit. *Hoogasian v. Regional Transportation Authority* (1974), 58 Ill. 2d 117, 123, 317 N.E.2d 534, *appeal dismissed* (1974), 419 U.S. 988, 42 L. Ed. 2d 261, 95 S. Ct. 298.

■■ We conclude that the board followed the statutory mandate precisely. It did not have discretion to alter the language of the ballot prescribed in section 3—3 for the referendum ballot. Nor was the board circumscribed by its use of the funds by the ballot language because, *inter alia*, the use to which the funds were to be put is not required to be included in the ballot language. Indeed, under section 3—3, such descriptions cannot be expressed on the ballot beyond the language which the legislature has specifically authorized.

The trial court and the parties place reliance upon *People ex rel. Toman v. Ames* (1942), 380 Ill. 268, 43 N.E.2d 1009, which dealt with library property tax levies and appropriation ordinances and not with the language of the ballot of a rate increase referendum as in the instant case. In *Ames,* the tax levy extended $100,000 for "replacements, alterations and repairs to buildings." There was also a special levy for "purchase of sites and buildings and for the construction and equipment of buildings." The *Ames* court held that "replacements, alterations and repairs do not in any sense constitute [the] purchase of sites, buildings or construction and equipment of buildings." The court ruled that funds levied for the latter purposes could not be used for the former purposes. Rather, "replacements, alterations and repairs" would be within the levy for "maintenance and operations." 380 Ill. 268, 274, 43 N.E.2d 1009.

While not directly on point, *Ames* offers some support for the trial court's decision wherein it held that the functions sought to be performed by the board here would come within the language on the ballot, "maintenance and operation," if this were a case involving a tax levy ordinance rather than a tax rate referendum.

Plaintiffs make several arguments regarding an official statement of the board describing the uses to which the additional funds were to be applied. Most of plaintiffs' arguments are statements of legal conclusions and are unsupported by citation to legal authority as required by Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)), and we deem them waived. Plaintiffs' citation to *People ex rel. Hudson v.*

*Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1935), 360 Ill. 180, 195 N.E. 631, is unavailing, as the case is inapposite to the facts of the instant case. The *Hudson* court found that the language used on the ballot in that case was not in conformity with the statutory requirements. (360 Ill. 180, 189-90, 195 N.E. 631.) In fact, the general holding of the case supports our holding here, that where the relevant statute prescribes the form of a ballot, then the ballot must conform to that prescription. 360 Ill. 180, 190, 195 N.E. 631.

*In re Application of County Collector* (1981), 97 Ill. App. 3d 708, 423 N.E.2d 251, also relied upon by plaintiffs, is similarly inapposite. It addresses the recurring problem of the sufficiency of the itemization of a levy ordinance to satisfy the statutory requirements of sections 8—2—9 and 8—3—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, pars. 8—2—9, 8—3—1). The case deals with an entirely different chapter of the Illinois statutes and sets forth no principles of law regarding the mandatory ballot language for section 3—1 (Ill. Rev. Stat. 1983, ch. 81, par. 3—1) increases in levies for library purposes by referenda.

We observe that plaintiffs have cited no statutory authority from the Local Library Act requiring the board to provide a fact sheet detailing the purposes for which the increase in the library levy will be used. Further, the disclosure of the purpose of the tax as required by section 5—7 (Ill. Rev. Stat. 1983, ch. 81, par. 5—7) in the proposition submitted to the voters is limited, as we have previously discussed, by the language prescribed in section 3—3. Ill. Rev. Stat. 1983, ch. 81, par. 3—3; *People ex rel. Duguay v. New York Central R.R. Co.* (1952), 411 Ill. 584, 104 N.E.2d 765.

Finally, our examination of the statute indicates that the only limitations imposed by the Act limiting the board's otherwise exclusive control over the expenditure of funds provided for by section 4—7 (Ill. Rev. Stat. 1983, ch. 81, par. 4—7 *et seq.*) are those relating to funds raised through bonding (Ill. Rev. Stat. 1983, ch. 81, par. 5—2) and borrowing (Ill. Rev. Stat. 1983, ch. 81, par. 5—6). Although we do not purport to have made an exhaustive analysis of the entire Act, it is apparent that the board's exclusive control of the expenditures for remodeling and reconstruction is not similarly circumscribed by the Act. The fact that the legislature did circumscribe the board's exclusive control over the purpose for which bonds and borrowed funds could be used leads to the conclusion that it did not so intend relative to funds derived from a section 3—1 and 3—3 referendum. The venerable rule of statutory construction *expressio unius est exclusio alterius* (*Dick v. Roberts* (1956), 8 Ill. 2d 215, 218-19, 133 N.E.2d 305) requires that

the judiciary consider that where a statute mentions or enumerates one or more modes of action, all other modes of action not mentioned are specifically excluded (*In re Sneed* (1977), 48 Ill. App. 3d 364, 368, 363 N.E.2d 37). While resort to this rule of construction is arguably unnecessary where the board followed the statutory mandate precisely, we believe such an analysis lends further support to our conclusion.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

INGLIS and UNVERZAGT, JJ., concur.