THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD D. DOYLE, Defendant-Appellant.

Second District    No. 2—89—0977

Opinion filed June 5, 1991.—Rehearing denied September 30, 1991.

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

This is an appeal from the trial court's order certifying the defendant, Donald D. Doyle, as an habitual child sex offender pursuant to the Habitual Child Sex Offender Registration Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 221 *et seq.*). The defendant challenges the application of the Act to him as well as its constitutionality. We affirm.

On March 10, 1989, the defendant pleaded guilty to two counts of aggravated criminal sexual assault (counts I and XX) (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)). The remaining counts were nol-prossed. The factual basis for the pleas shows that, during the period June 1 through July 4, 1987, the defendant engaged in acts of sexual penetration with C.W., a minor child under 13 years of age (count I). Sometime during the period of June, July or August of 1985, the defendant committed a similar offense against A.W, also a minor child under 13 years of age (count XX). The defendant was admonished of his rights, and the trial court accepted the pleas. The court entered the convictions and sentenced the defendant to two concurrent 10-year terms of imprisonment.

Immediately following the imposition of sentence, the State moved to certify the defendant as an habitual child sex offender pursuant to the Act. The trial court reserved the issue for later consideration in response to the defendant's objection and to allow further research on the issue. The defendant filed his formal written motion on August 14, 1989, arguing that the Act did not apply to him in that he was not convicted "a second or subsequent time" where his two convictions were the result of simultaneous guilty pleas on charges from the same indictment. In his motion, the defendant also sought to declare the Act unconstitutional. The court denied the defendant's motion and amended the order of commitment by certifying him as an habitual child sex offender under the Act. The defendant's motion to reconsider was denied on September 22, 1989.

The defendant's appeal presents two issues for consideration. First, the defendant raises the issue whether the order certifying the defendant as an habitual child sex offender should be vacated because two simultaneous pleas of guilty resulted in the entry of convictions with concurrent sentences and there was no second or subsequent conviction as specified by the Act. Second, in the alternative, the defendant challenges the constitutionality of the Act and requests this court to reconsider its recent decision upholding its constitutionality in *People v. Adams* (1990), 198 Ill. App. 3d 74, *appeal allowed* (1990), 133 Ill. 2d 560.

We first address the defendant's claim that the Act is unconstitutional since the application of its provisions depends on whether the Act is constitutional. Our examination of the defendant's brief persuades us that the defendant has failed to argue adequately the issue or cite authority therefor. In conclusory fashion, the defendant merely claims that the Act is unconstitutional and requests this court to reconsider its recent decision in *Adams*. The defendant neither ar-

gues specifically why the Act is unconstitutional nor cites any authority contrary to our prior decision. While we are aware that *Adams* has been appealed to our supreme court, the defendant offers us no compelling reason to revisit that decision. Since the defendant has failed to brief this issue properly, we deem it waived. See *People v. Foster* (1990), 195 Ill. App. 3d 926, 951; *People v. Trimble* (1989), 181 Ill. App. 3d 355, 356.

We next address whether the Act was properly applied to the defendant. Section 222 of the Act specifies that an habitual child sex offender is one who, "after July 1, 1986, is convicted of a second or subsequent time" for any of the sex offenses specified, including aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 222.) Upon such conviction, the court shall certify that the person is an habitual child sex offender and shall include the certification in the order of commitment. (Ill. Rev. Stat. 1987, ch. 38, par. 222.) However, section 222 excludes from coverage as a second or subsequent conviction those convictions "which result from or are connected with the same act, or result from offenses committed at the same time" and provides that such convictions "shall be counted for the purpose of this Article as one conviction." (Ill. Rev. Stat. 1987, ch. 38, par. 222.) That section also excludes, as a second or subsequent conviction, any "conviction set aside pursuant to law." (Ill. Rev. Stat. 1987, ch. 38, par. 222.) Once the offender is so certified, he is required to register with the police chief or sheriff in the municipality or county in which the offender resides. Ill. Rev. Stat. 1987, ch. 38, par. 223.

We have found no case interpreting this statute regarding the meaning of a "second or subsequent" conviction qualifying a defendant for certification and registration as an habitual child sex offender. The intent of the legislature is best determined by the plain and ordinary meaning of the statutory language (*People v. Pettit* (1984), 101 Ill. 2d 309, 313), and, if there is any ambiguity or the intent of the legislature is not manifest, we may apply the rules of statutory construction. (See *People ex rel. Moss v. Pate* (1964), 30 Ill. 2d 271, 273; *People v. Dunlap* (1982), 110 Ill. App. 3d 738, 743.) Additionally, a statute should be construed so as to avoid an absurd result. *Dunlap*, 110 Ill. App. 3d at 743.

The two offenses to which the defendant pleaded guilty were separate offenses committed against two different victims at different times. The defendant argues that, because he pleaded guilty to these offenses at the same time and the convictions were entered at the same time, he has not been convicted a "second" time within the meaning of the statute. Such an argument is neither supported by the

plain and ordinary meaning of the language of the statute nor the rules of statutory construction. In construing the statute as a whole and in examining the context in which the words "second or subsequent" are used, it becomes clear that the legislature intended that the accused be qualified for status as an habitual child sex offender when he commits and is convicted of two sex offenses which are separate in time. If the legislature wanted to qualify the word "second" so as to require that the convictions be entered at different times, it would have so specified. For example, the legislature could have stated that the additional conviction be second *and* subsequent to the first, as opposed to second *or* subsequent. We construe the word "second" here as meaning that the defendant qualifies if he is convicted twice of any of the enumerated offenses and the second of two convictions stemmed from a different act or from an offense that occurred at a different time from the other.

When the legislature has intended that the convictions be entered in a particular sequence of times, for example, to qualify a defendant for habitual criminal offender status for purposes of imposing an extended sentence, it has had no difficulty in expressing its intention. Thus, a court may adjudicate a defendant as an habitual criminal where he has been twice convicted in any State or Federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed *after* the prior two convictions (Ill. Rev. Stat. 1987, ch. 38, par. 33B—1). The habitual criminal provisions do not apply unless the first offense is committed after the effective date of the statute, the second offense is committed after conviction of the first, and the third offense is committed after conviction of the second. (Ill. Rev. Stat. 1987, ch. 38, pars. 33B—1(d), 1005—5—3(c)(7), (c)(8).) Where the legislature has not clearly imposed a sequence in the entry of the convictions, we will not read such a requirement into the statute. See, *e.g., People v. Hamilton* (1980), 81 Ill. App. 3d 297, 303.

■ Next, in considering the meaning of the phrase "second or subsequent" in the context of the provision, we observe that the legislature specifically excepted from consideration as a second or subsequent conviction any conviction resulting from the same act or resulting from an offense committed at the same time as the offense resulting in the other conviction. Our interpretation of "second" conviction as synonymous with two convictions arising from separate offenses is supported by the rules of construction. The legislature ex-

cluded from consideration those multiple convictions stemming from one act or from offenses committed at the same time. The legislature also excluded convictions set aside by law. To the extent the provision may be considered ambiguous (although we do not believe it is), the rule of statutory construction *expressio unius est exclusio alterius* is applicable here: an expression of certain exceptions in a statute is construed as an exclusion of all others. *People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 199; *Lunde v. Rockford Public Library Board* (1987), 153 Ill. App. 3d 803, 809.

The legislature contemplated that multiple convictions arising from the same or simultaneous acts would be excluded from consideration, but chose not to exclude convictions simultaneously entered as the result of guilty pleas or because of administrative convenience where the underlying offenses were obviously separate and should be treated as such. The defendant could have been tried separately for each of the offenses. We see no reason why, because of the happenstance of the timing of the convictions, the defendant should be exempt from the statutory certification and registration requirements. Such an exemption appears to us illogical under the circumstances. Two recent appellate decisions have concluded that the certification and registration requirements are not penal in nature. (*People v. Taylor* (1990), 203 Ill. App. 3d 636, 638; *Adams*, 198 Ill. App. 3d at 79.) No argument has been advanced that the provisions were enacted to provide the defendant with notice that he would be punished more severely upon conviction of a second offense should he fail to change his behavior. We believe that the legislature chose to subject to these requirements those persons who demonstrate recidivist tendencies as shown by their proclivity to commit the enumerated offenses more than once. Our review of the legislative debates concerning these provisions does not suggest otherwise. These requirements are intended to apprise law enforcement officials that such persons are present in their community and may present a potential threat to the welfare of the children residing there. The question whether these provisions are effective in assisting law enforcement is not before us, and we express no opinion on the wisdom of enacting such provisions.

Since the defendant has not shown that he is excluded from the requirements of the Act, the judgment of the circuit court is affirmed.

Affirmed.

WOODWARD and BOWMAN, JJ., concur.