John S. HALL, next friend of Keith Lamont Hall, a minor, Appellant,

v.

Dell EDLEFSON, Appellee.

No. 5262.

Court of Civil Appeals of Texas, Waco.

June 28, 1973.

Stanford & Dunaway, Blair D. Dishman, Jr., Dallas, for appellant.

Martin, Harrison & Withers, Reagan M. Martin, Harvey L. Davis, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from an order of the trial court dismissing Plaintiff-Appellant's suit. John S. Hall, Plaintiff-Appellant and next friend of Keith Lamont Hall, a minor, brought this suit against Defendant-Appellee Dell Edlefson for damages for personal injuries allegedly sustained by the minor growing out of a fall allegedly occurring on or about November 26, 1967, from a Shetland pony owned by Defendant and located upon Defendant's own property. The trial court sustained special exceptions to Plaintiff's pleadings and granted Plaintiff leave to amend. Plaintiff refused to amend and elected to stand on his pleadings, whereupon the trial court dismissed Plaintiff's suit. Plaintiff appeals from this order of dismissal. We affirm.

The minor was seven years, nine months and twenty-four days old on November 26, 1967, the alleged date of the fall from the Shetland pony.

Plaintiff's First Amended Original Petition was filed December 22, 1972. In paragraphs III and IV, Plaintiff alleged:

### "III.

That heretofore on or about November 26, 1967, the Defendant was the owner of certain property abutting and next to Plaintiff's property near Canton, Texas; that on said date Defendant owned and possessed a Shetland Pony which was present upon his property on said date, said pony being easily visible from Plaintiff's property and being a dangerous instrumentality which Defendant knew or should have known was unusu-ally alluring and enticing to children of tender age, and the manner in which the pony was maintained and displayed impliedly invited such children to come about or play on or near the animal; that Defendant knew or should have known that the Shetland Pony involved an unreasonable risk of injury to small children and that Defendant took no measures to prevent small children from coming about or playing on the Shetland Pony. Defendant knew plaintiff for some period of time prior to the above referenced date and was further aware of Plaintiff's presence on Plaintiff's property on November 26, 1967.

### IV.

That due to Plaintiff's immature years and experience and his incapability of appreciating the danger and peril of riding the Shetland Pony, Plaintiff rode Defendant's Shetland Pony and subsequently fell therefrom, striking various parts of his body and head and causing the injuries described more in particular hereinbelow."

Then in paragraph V, Plaintiff alleged that Defendant was guilty of nine acts or omissions of negligence, each being alleged to be a proximate cause of the injuries and damages sustained by Plaintiff.

Then in paragraphs VI and VII Plaintiff alleged the nature of the personal injuries and sued for past and future physical pain and mental anguish and diminution of future earning capacity.

The Defendant in his First Supplemental Answer levelled four special exceptions to Plaintiff's pleadings labelled a, b, c, and d, all four of which were sustained by the court. The first and second special exceptions are worded as follows:

"a. To the Petition in its entirety because it fails to state a cause of action

against Defendant, in that, as a matter of law, no facts are alleged giving rise to a duty owed by Defendant to Plaintiff which was in any way breached; and in this regard, Defendant would further show that as a matter of law a domesticated animal kept on a real property owner's own real property cannot be the basis of liability, even to seven year old children, based upon the facts alleged herein; and further, same cannot, as a matter of law, constitute an 'attractive nuisance' ";

"b. In the alternative, Defendant specially excepts to Paragraph V because same constitutes a global, and general allegation of negligence and is not specific, and further because no duty existed upon Defendant to act in regard to the nine allegations listed in said paragraph, and further, because there was no breach of any duty owed to the Plaintiffs;"

By paragraphs III and IV of his pleadings, Plaintiff has undertaken to allege a cause of action against the Defendant under the "attractive nuisance" doctrine, asserting in effect that the Shetland pony located on the Defendant's property was the "attractive nuisance." If this doctrine can properly be applied to a Shetland pony, a domesticated animal, then the minor child would have entered Defendant's property and have gotten on the pony in the status of an implied invitee as opposed to a trespasser or mere licensee. In such an eventuality, it would necessarily follow that the owner of the "attractive nuisance" owes the implied invitee a duty to exercise reasonable care to protect him against the dangers of the attraction. See Banker v. McLaughlin (1948) 146 Tex. 434, 208 S. W.2d 843; Massie v. Copeland (1950) 149 Tex. 319, 233 S.W.2d 449.

So the precise question posed before us is this: Can the Shetland pony, a domesticated animal, under these allegations constitute an attractive nuisance? We have been cited to no authority that holds a do-

mesticated animal to be an attractive nuisance, and after diligent search we have found none. We therefore hold that under the allegations in question the Shetland pony cannot be an attractive nuisance as a matter of law, and therefore the Plaintiff has failed to state a cause of action. Special Exception "a" was properly sustained by the trial court.

In the light of this decision, the Defendant did not owe the minor child in question the duty of ordinary care; therefore the trial court properly sustained special exception "b" above referred to, levelled at Plaintiff's nine allegations of negligence.

Plaintiff-Appellant in his third and last point complains of the trial court's sustaining of the two special exceptions to the injuries and damages allegations of Plaintiff's pleadings. In view of our decision that Plaintiff-Appellant has failed to state a cause of action, this point is immaterial.

Under this state of the record, the trial court acted properly in entering the order of dismissal of Plaintiff's suit, and we accordingly affirm the trial court's judgment.

Affirmed.