MID STATES VENDING SERVICE, INC., Plaintiff-Appellee, *v.* C.A.P., INC., Defendant-Appellant.

First District (1st Division)   No. 62380

Opinion filed January 31, 1977.

J. Edward Jones, of Chicago, for appellant.

Norman Nelson, Jr., of Chicago, for appellee.

Mr. JUSTICE BUA delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County granting summary judgment in favor of Mid States Vending Service, Inc., hereafter plaintiff, and against C.A.P., Inc., hereafter defendant, in an action to confirm a judgment by confession.

On December 26, 1973, plaintiff loaned defendant $4,000 as evidenced by a promissory note executed that day. The promissory note recited that the $4,000 was payable on demand and contained a standard cognovit. On September 30, 1974, after a demand for payment, plaintiff filed a complaint and confession of judgment on the debt due based upon the promissory note. The trial court entered judgment for the plaintiff on October 7, 1974, in the amount of $4,596.14 plus costs of the suit. On February 11, 1975, in response to plaintiff's summons to confirm the aforesaid judgment by confession the defendant filed its appearance and answer. In its answer defendant admitted that it signed and delivered the promissory note to plaintiff, that it received the $4,000 from plaintiff upon execution of the note, denied all other allegations, and asserted certain defenses to plaintiff's cause of action. The pleaded defense to the confirmation of judgment was that the debt need not be repaid because it arose out of an alleged illegal contract between the parties hereto. Specifically, defendant claimed that the $4,000 loan was, in actuality, an advancement on future earnings from the use of plaintiff's cigarette vending machines and further that the money was offered as an inducement for defendant to breach its then existing contract to use vending machines of a third party. On its face, the promissory note was silent as to any contract between the parties concerning the use of plaintiff's vending machines. The plaintiff filed a motion to strike the aforementioned defenses which the trial court allowed on February 25, 1975. On March 20, 1975, the court denied defendant's motion to vacate its order of February 25, 1975. Subsequently, plaintiff filed a motion, supported by affidavit, for summary judgment and the court granted defendant 21 days to respond thereto. The matter was set for a hearing on May 1, 1975. Defendant failed to appear at the hearing and the court

entered summary judgment in favor of the plaintiff. On May 7, 1975, in response to defendant's motion, the court vacated its order granting summary judgment and reset the cause for hearing on May 15, 1975. On that date, after hearing argument the trial court struck the defense based upon the purportedly illegal and unenforceable contract between the parties, and upon the record entered summary judgment in favor of the plaintiff for $4,596.14 and costs. From this order defendant now appeals.

The issue presented is whether sufficient factual issues were raised in the pleadings to preclude the entry of summary judgment.

Summary judgment procedure is authorized by section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) which provides, in pertinent part, as follows:

"(1) For plaintiff. Any time after the opposite party has appeared or after the time within which he is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment or decree in his favor for all or any part of the relief sought.

* * *

(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counter-affidavits. The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, *and admissions* on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. * * *" (Emphasis added.)

■■■ The trial court found that the defense pleaded failed to set forth a genuine issue as to any material fact relating to plaintiff's action on the note and struck the aforesaid defense. Facts unrelated to the essential elements of the plaintiff's cause of action are immaterial and regardless of how sharply controverted, their presence in the record will not warrant denial of a motion for summary judgment. (*Cibis v. Hunt* (1964), 48 Ill. App. 2d 487, 199 N.E.2d 246.) Indeed, the record evinces a showing that defendant admitted executing the note and receiving the amount of $4,000 in consideration therefore. Based upon the defendant's own admissions there was no material factual issue as to the debt due, which was the subject matter of plaintiff's cause of action. On the evidence before it, the trial court entered summary judgment in favor of the plaintiff herein. The summary judgment entered by the trial court in favor of the plaintiff was proper. A motion for summary judgment should be granted where there is no genuine issue as to any material fact. *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

Accordingly, the summary judgment entered by the trial court is affirmed.

Having determined that the trial court properly entered summary judgment based upon the defendant's own affidavits and admissions we need go no further with this appeal. However, we choose to address ourselves to defendant's contention that enforcing the debt in question violates public policy.

■■ Let us assume, *arguendo*, that the effect of enforcing the contract to which defendant refers in its answer is to breach a preexisting contract between the defendant and a third party. Let us assume further that the consideration for the aforesaid contract between the parties herein was $4,000 evidenced by a promissory note executed by the defendant. Defendant contends that, because courts will not enforce a contract the effect of which interferes with an existing contract, neither should courts enforce a judgment based on the promissory note which constituted the consideration for the aforesaid contract, as such enforcement is equally against public policy. While it is true that as a general rule Illinois courts will not enforce a contract the effect of which interferes with existing contractual obligations (see *Marcus v. Wilson* (1973), 16 Ill. App. 3d 724, 306 N.E.2d 554; *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 429; *Wiegand v. Wiegand* (1951), 410 Ill. 533, 103 N.E.2d 137; *Vock v. Vock* (1937), 365 Ill. 432, 6 N.E.2d 843; *Mitchell v. Clem* (1920), 295 Ill. 150, 128 N.E. 815) there are nevertheless instances when this rule does not apply. In *Central Republic Trust Co. v. Evans* (1941), 378 Ill. 58, 70, 37 N.E.2d 745, 751 our Supreme Court stated:

> "In determining whether the relation of an illegal transaction is sufficiently close to the plaintiff's cause of action as to preclude recovery, the test is frequently stated to depend upon whether the plaintiff can establish his claim without requiring the aid or proof of the illegal contract. If the plaintiff can establish his case without relying upon the illegal contract he may recover. *Teich v. City of Chicago*, 298 Ill. 498; *Armstrong v. American Exchange Bank*, 133 U.S. 433; *Clemens v. Crane*, 234 Ill. 215; *Kearney v. Webb*, 278 id. 17."

In the instant case, plaintiff established its prima facie case by introducing the note, the execution of which defendant later admitted as well as receipt of the $4,000. Plaintiff required no aid from nor proof of the purported illegal contract to establish its case. Since the plaintiff established its case without relying upon the illegal contract it was entitled to recover.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.