MARCIE LYNN WHITCANOCK, a Minor, by Suzanne Gelande, her Mother and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* RICHARD NELSON *et al.*, Defendants-Appellees.

Third District   No. 77-245

Opinion filed February 7, 1980.

Glenn F. Ruud, of Winstein, Kavensky, Wallace & Doughty, and Dorothea O'Dean, both of Rock Island, for appellants.

Isador I. Katz and Stuart R. Lefstein, both of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellees Richard Nelson and Daniel Nelson.

Leonard Telleen, of Telleen, Telleen, Braendle & Horberg, of Cambridge, for appellee Richard Miller.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiffs, Marcie Lynn Whitcanock, a minor, by Suzanne Gelande, her mother and next friend, and Suzanne Gelande, individually, brought this action seeking damages for injuries inflicted upon the minor, Marcie Lynn Whitcanock, from defendants, Richard Nelson, Daniel Nelson and Richard Miller. The minor child was allegedly injured from being trampled by a colt which was kept upon premises owned by defendant Richard Nelson, which premises were leased to defendants Daniel Nelson and Richard Miller for purposes of a horse lot.

This is an appeal from an alleged dismissal of plaintiff's second amended complaint and a determination of whether one or more orders in the trial court from which appeals were taken were final. In order to fully understand the exact problem presented by this appeal it is necessary to set out in detail a chronological history of the significant pleadings and orders contained in the record.

On February 8 and 11, 1977, the defendants filed motions to strike plaintiff's second amended complaint. Pursuant to those motions Judge David DeDoncker issued a written opinion dated March 3, 1977, which opinion stated that "the motions to dismiss are allowed and the second amended complaint is dismissed." On April 6, 1977, Judge DeDoncker signed a written order prepared by the defendants which was filed on April 7, 1977. That order stated in substance that arguments were heard and the second amended complaint of the plaintiffs should be and accordingly was dismissed pursuant to defendants' motions. The next significant pleading was a motion by plaintiffs filed May 6, 1977, which motion sought an entry of a judgment order in favor of the defendants pursuant to the terms of the order of dismissal by Judge DeDoncker dated April 6, 1977. On May 12, 1977, defendants filed a motion in resistance to plaintiffs' motion for entry of a judgment order for the reason, as defendants contended, that the order of Judge DeDoncker signed April 6, 1977, and filed April 7, 1977, was a final appealable order from which neither a timely notice of appeal was taken nor from which a post-trial motion was filed. Plaintiffs filed a motion in response reasoning to the effect that the April 6, 1977, order of dismissal of Judge DeDoncker was not final because it did not provide for entry of a judgment in favor of defendants and against plaintiffs, nor did that order specifically preclude leave of plaintiffs to amend their complaint or plead anew. Next the trial court, Judge Paul E. Rink, made the following docket entry on May 23, 1977. "Parties in court for hearing on motions. This court denies the motion for entry of judgment order without prejudice to reset motion before Judge DeDoncker within 14 days. No further order required."

Thereafter, on May 26, 1977, the plaintiffs filed a motion for leave to file late notice of appeal in cause No. 77-245, requesting leave to file

a notice of appeal from the April 6, 1977, order of Judge David DeDoncker. On June 13, 1977, we denied that motion and ordered the appeal dismissed as to said cause No. 77-245. However the mandate did not issue. Then, on June 21, 1977, the plaintiffs filed a notice of appeal from the May 23, 1977, docket entry order of Judge Paul E. Rink in cause No. 77-318. Upon considering both appeals, we concluded that the leave to file the late notice of appeal in cause No. 77-245 should have been allowed, and accordingly we vacated our earlier order of dismissal, and reinstated the appeal. Cause No. 77-318 was dismissed since both cases presented essentially the same substantive legal issue on appeal.

■■ ■ At the outset the defendants argue that this appellate court lost jurisdiction of cause No. 77-245 when we originally denied the motion for leave to file late notice of appeal even though we did not allow the mandate to issue. A reviewing court is divested of its jurisdiction over an appeal before it when its mandate issues to the lower court, or when petition for leave to appeal to a higher court is granted. (*People v. McCloskey* (1971), 2 Ill. App. 3d 892, 274 N.E.2d 358). It is axiomatic that the appellate court has discretion to grant or deny a motion for leave to file late notice of appeal. There was considerable confusion at the trial court level as to whether the dismissal of plaintiffs' complaint was final and therefore appealable. This confusion manifested itself when the plaintiffs filed the additional appeal in cause No. 77-318. Although we initially denied leave to file late notice of appeal in case No. 77-245, we did not allow the mandate to issue and accordingly retained appellate jurisdiction to vacate our earlier order and grant leave to file late notice of appeal, thereby re-instating case No. 77-245. We are cognizant of Supreme Court Rule 368 which provides for automatic filing of the mandate by the appellate court. (Ill. Rev. Stat. 1977, ch. 110A, par. 368.) We believe that statute should be read as permissive rather than mandatory. Defendants' reliance on the case of *Kuhlman v. Cotter* (1968), 92 Ill. App. 2d 475, 234 N.E.2d 815, is misplaced. The *Kuhlman* case is factually distinguishable from the case at bar.

■ The substantive issue presented for review is whether the trial court erred in dismissing plaintiffs' second amended complaint for failure to state a cause of action. That complaint alleged that the defendants possessed a colt or horse on their premises and that a 2½-year-old child entered the premises and was kicked or trampled by the colt, which caused severe and permanent injuries to the child. Stated more precisely, the issue presented by the defendants' motion to strike the second amended complaint is whether the colt, a domestic animal, can be a dangerous agency under the attractive nuisance theory as modified by the case of *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836. In *Kahn*, our supreme court stated, in abandoning the traditional concepts of

attractive nuisance in tort recovery, "a child in his youthful fancy, imagination and ingenuity can make a plaything of almost anything and is attracted by almost everything, the only proper basis for decision in such cases dealing with personal injuries to children are the customary rules of ordinary negligence cases." (*Kahn*, 5 Ill. 2d 614, 624, 126 N.E.2d 836, 841.) The element of attraction is no longer significant in child trespassing cases except and to the extent that it indicates whether the landowner should anticipate the presence of the children on his property. The true basis of liability is the foreseeability of harm to children.

■■ Under *Kahn*, a four-part rule has been established to determine the foreseeability of the harm to children from trespassing upon the defendant landowner's property. In order to establish foreseeability it must be shown: (1) The owner or person in possession of the premises knows or should know that children habitually frequent his property; (2) a defective structure or dangerous agency is present upon the land; (3) the defective structure or dangerous agency is likely to cause injury to children because they, by reason of their immaturity, are incapable of appreciating the risk involved; and (4) whether the expense and inconvenience of remedying the defective structure or dangerous agency is slight when compared to the risk to children. The *Kahn* decision brought Illinois into harmony with the view expressed in the Restatement of Torts. See Restatement (Second) of Torts §339 (1965).

In the recent case of *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, the applicable rule of law was stated as follows:

> "Under *Kahn*, a duty which would not be imposed in ordinary negligence will be imposed upon the owner or occupier of land only if such person knows or should know that children frequent the premises *and* if the cause of the child's injury was a *dangerous* condition on the premises. If both these prerequisites are met, it is deemed that harm to children is sufficiently forseeable for the law to impel an owner or occupier of land to remedy the condition." 73 Ill. 2d 316, 326, 383 N.E.2d 177, 180.

Of course, for purposes of the defendants' motions to strike the second amended complaint, all the facts well pleaded by the plaintiffs are taken as admitted. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 350 N.E.2d 348.) Therefore we will assume for purposes of appeal the knowledge of the defendants that children habitually frequented his premises, but plaintiffs' complaint only concludes that the colt was dangerous to children. Since this is not a well-pleaded fact but a legal conclusion, that issue is in dispute. Therefore, the first issue which must be decided is whether the colt kept on the defendants' premises constituted a "dangerous agency" under the principles

announced in *Kahn. Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836.

The majority of American jurisdictions have taken the view, under the traditional attractive nuisance doctrine or any related rule which imposes a higher standard of care upon landowners to trespassing children than would be imposed if the trespassers were adults, that injuries caused to children by animals are, as a matter of law, not actionable. (See Annot., 64 A.L.R. 3d 1069 (1975).) By analogy, the owner of a domestic animal who inflicts an injury upon anyone, including an injury outside the owner's premises, has been held to be strictly liable in tort provided knowledge of the animal's vicious propensities can be attributed to the owner. (See Annot., 64 A.L.R. 3d 1069 (1975); Annot., 88 A.L.R. 2d 709 (1963).) Here the plaintiffs have failed to allege knowledge of the defendants of the colt's vicious propensities, and accordingly a strict liability theory of recovery for the plaintiffs is precluded.

■■■ Plaintiffs' theory of recovery is based upon defendants' negligence. When a negligence theory is applied to the facts of this case under the principles announced in *Kahn (Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836), it is then the general rule that the owner or keeper of a domestic animal should be charged with knowledge of the natural propensities of animals of the particular class to which the animal belongs. If these propensities are of a kind that may foreseeably cause the injury complained of then the owner must exercise the degree of care necessary to prevent such injuries. In determining the defendants' liability for ordinary negligence, we believe they are chargeable with knowledge of the natural propensity of horses or colts to bite, kick and run throughout their enclosure. Plaintiffs' pleadings, by which they are bound, allege only that the colt or horse here was a dangerous agency to children generally and not to particularly young children of tender years such as 2½-year-old Marcie Lynn Whitcanock. Consequently in determining whether the colt or horse here was a dangerous agency existing on the defendants' property we will measure the risk involved not only to children of tender years but to children generally as a class. (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.) While children of tender years may be incapable of appreciating the danger posed by the natural propensities of a domestic animal such as this colt, we cannot say that such natural propensities would be hidden from all children as a class. The law recognizes that children of especially tender years may be injured as a result of the most innocuous of conditions. Plaintiffs' pleadings do not allege, however, that the colt was a dangerous agency to very young children. We believe that children generally would be capable of appreciating the natural propensities of a fenced horse to

bite, kick, and run and would take necessary precautions to avoid injury therefrom generally.

In *Corcoran,* quoting from the comments to section 339 of the Restatement (Second) of Torts (1965), it was aptly stated that "[t]here are many dangers, such as those of fire and water, or falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large." (*Corcoran,* 73 Ill. 2d 316, 327, 383 N.E.2d 177, 180.) It is the duty of the parents or guardians of children to warn them of dangers posed by natural conditions. In *Corcoran* a two-year-old child fell in a ditch in a park near his home. The court there, in deciding that the plaintiffs' complaint failed to state a cause of action, ruled that the *Kahn* rules *should not be construed to impose a duty upon those owning or occupying land to remedy conditions the obvious risks of which children would be expected to appreciate and avoid.* We believe that the law imposes a duty on these defendants to remedy the conditions on their land which are dangerous to children generally, and that this colt or horse was not dangerous, as a matter of law, to children generally.

■■ In support of this view are the similar case of *Hall v. Edlefson* (Tex. Civ. App. 1973), 498 S.W.2d 514, and the majority of cases of other jurisdictions in which this issue has been decided. (See Annot., 64 A.L.R. 3d 1069 (1975).) By statute the defendants are required to fence their property to keep domestic animals from running at large. (Ill. Rev. Stat. 1977, ch. 8, par. 1.) The pleadings of plaintiffs admit that the defendants' animal was fenced in and that the domestic animal was not running at large since the injury occurred within the fenced portion of the property as plaintiffs allege. Rather the plaintiffs claim that it was the duty of the defendants to construct a fence which would keep children from entering upon their land. Balancing the risk of harm to children generally against the expense and inconvenience of providing a child-proof fence, it is clear that such a burdensome duty cannot be imposed upon these owners or occupiers of land. The traditional attractive nuisance doctrine and the modified theory established by the *Kahn* case impose a restraint upon the owner's use of his land which is dangerous to only a small class of persons who intrude thereon, to-wit, children. The tendency of many courts has been to refuse to expand the special benevolent rules with regard to tort recovery for trespassing children. An example of the resistance to expansion of this field of recovery is the illogical conclusion of both the Restatement (Second) of Torts §339 (1965) and many cases relying thereon that recovery from trespassing children may only be had when they are injured on the defendant's property by an artificial condition or artificially constructed structure and that no recovery will be had for injury caused by a natural condition existing on the land. We do not rely

upon such distinctions in deciding this appeal. Applying the guidelines set forth in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, we conclude that the injury to Marcie Lynn Whitcanock was not sufficiently foreseeable to allow recovery considering the allegations of the plaintiffs as put, and that the plaintiffs' second amended complaint failed to state a cause of action.

For the reasons stated the judgment of the Circuit Court of Henry County is affirmed.

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.