JANA NIEMANN, a Minor, by Madeline Niemann, her Mother and Next Friend, Plaintiff-Appellant, *v.* VERMILION COUNTY HOUSING AUTHORITY, Defendant-Appellee.

Fourth District    No. 17033

Opinion filed November 13, 1981.

Eugene A. Jobin, of Scheele, Serkland & Boyle, Ltd., of Chicago, for appellant.

Sebat, Swanson, Banks, Lessen & Garman, of Danville (Ralph J. Swanson, of counsel), for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Plaintiff brought a second amended complaint seeking to recover from the Vermilion County Housing Authority damages alleged to have been incurred as a result of defendant's negligence in failing to maintain the common areas of a housing project under its control. Defendant's motion to strike and dismiss the complaint for failure to state a cause of action was granted and judgment against the plaintiff was entered on February 9, 1981.

Since judgment was entered on the pleadings, the well-pleaded facts alleged in plaintiff's complaint must be taken as true and will be recited as the facts of the case.

On March 29, 1978, plaintiff was injured while playing in the common areas of a housing project, owned and maintained by defendant, in which she lived with her parents. The injury occurred while plaintiff was playing with another child who also lived in the project. The children were playing on a stack of debris which defendant had accumulated and stacked, permitting it to remain for some time. Although defendant knew children frequented the common areas, no steps were taken to limit access to the pile of debris. During the course of play the other child

removed a stick from the pile and struck plaintiff in her right eye, causing serious injuries which have resulted in significant visual loss and will require future medical treatment.

Count I of plaintiff's second amended complaint alleged that defendant had violated statutory duties to keep the common areas clean and safe pursuant to the United States Housing Act of 1937, and regulations thereunder. (42 U.S.C. §1404a *et seq.* (1976); 24 C.F.R. §801.101 *et seq.* (1975).) Count II alleged that defendant was negligent in failing to keep the areas clean under common law duties applicable to all landlords.

Defendant attacked plaintiff's complaint on two grounds. First, defendant argued that a stick is not an inherently dangerous object and the harm alleged was not reasonably foreseeable. Second, defendant argued that leaving a stick in a common area was not such a condition as to cause defendant reasonably to foresee that an intervening cause, plaintiff's playmate, would cause injury to the plaintiff.

■■ The issue presented for review thus narrows to whether the trial court erred in dismissing plaintiff's second amended complaint for failure to state a cause of action on the basis that the injuries were not reasonably foreseeable. In order to state a cause of action sounding in negligence, it is necessary to allege a duty, a breach of that duty, and an injury proximately caused by the breach of duty. We are of the opinion that, for the following reasons, the trial court was correct in dismissing plaintiff's complaint. In addressing the issue we first turn to count II.

Prior to *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, this case would have been decided by application of the attractive nuisance doctrine. That doctrine imposed liability on owners of land when children who were lured onto the land by some agency or condition which the landowner suffered to exist were injured thereby.

■■ Although *Kahn* did away with the attractive nuisance doctrine, it did not follow that liability would not attach for injuries to children resulting from a condition on one's land. Where the owner or possessor of land, or one who creates a dangerous agency or condition upon the land, fails to exercise ordinary care for the safety of children who foreseeably trespass upon the land, and where a child is injured, a breach of duty occurs. Thus foreseeability became the basis of liability, rather than attraction, in cases of injuries to children. The foreseeability of harm creates a duty in the owner or occupier of land to remedy an agency or condition which could cause injury to children.

■■ This duty arises when four requirements which can be gleaned from *Kahn* are satisfied. First, the owner knows young children frequent the area. Second, there is a dangerous or defective condition present on the land. Third, the condition or agency is likely to cause injury because of a child's immaturity or inability to appreciate the risk. Fourth, the expense

of remedying the condition, or guarding against injury, is slight compared to the risk of harm to children. (*Trobiani v. Racienda* (1968), 95 Ill. App. 2d 228, 238 N.E.2d 177.) These requirements place Illinois law squarely in accord with the Restatement (Second) of Torts §339 (1966). *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.

Since 1955 there have been numerous cases dealing with the *Kahn* doctrine. Although the cases are in accord that a duty arises when the four *Kahn* requirements are satisfied, there has been disagreement as to the type of agency or condition which will give rise to the duty to remedy or guard.

An early line of cases held that the issue of foreseeability of harm can be determined as a matter of law. These cases are based on a characterization of the agency or condition causing the injury as "inherently dangerous." (*Donehue v. Duvall* (1968), 41 Ill. 2d 377, 243 N.E.2d 222; *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483; *Cole v. Housing Authority* (1979), 68 Ill. App. 3d 66, 385 N.E.2d 382; *Landman v. M. Susan & Associates, Inc.* (1965), 63 Ill. App. 2d 292,.211 N.E.2d 407; *Stewart v. DuPlessis* (1963), 42 Ill. App. 2d 192, 191 N.E.2d 622.) Under those cases a plaintiff's case could be dismissed if the injuring agency or condition was not alleged to be inherently dangerous (*Donehue*; *Landman*; *Stewart*); or defendant's motion for judgment *non obstante veredicto* could be granted. *Driscoll.*

These cases represent a departure from the *Kahn* doctrine by adding the "inherently" element to the dangerous or defective condition. It must be remembered that *Kahn* is concerned with the question of duty; breach, proximate cause and damage are the same under *Kahn* as in any negligence case. In the case of an inherently dangerous object, the duty would be the same to all persons, whether adults or children. The difference would appear in the context of contributory (now comparative) negligence, or misuse. The adult plaintiff might be charged with negligence because of his superior knowledge of the propensities of the inherently dangerous object, while in the case of the child plaintiff the matter approaches almost a *res ipsa loquitur* situation.

■■ We therefore believe that a more systematic and logical analysis of the duty requires that a division be made between inherently dangerous objects and ordinarily innocuous objects. In the instant case we cannot say as a matter of law that a stick is inherently dangerous, and we must therefore examine what is required of a plaintiff in order to raise a duty on the part of a defendant when children are involved with an ordinarily innocuous object.

More recent cases have recognized two situations when dealing with an ordinarily innocuous instrumentality. First, when there exists a condition which children generally would appreciate, no duty arises. Second,

when additional circumstances are present which make a seemingly innocuous object dangerous and children, by reason of their immaturity are unable to appreciate the risk, a duty does arise. This distinction is well summed up in *Corcoran*:

> "As *Kahn* sets forth, ·a dangerous condition is not that which creates an unreasonable risk of harm to the general class of persons who might frequent the premises. It is one which is likely to cause injury to the general class of children who, by reason of their immaturity, might be incapable of appreciating the risk involved. The essence of the *Kahn* principle is to impose a duty upon those owning or occupying land to remedy conditions which, although considered harmless to adults, are dangerous to children who foreseeably wander onto the premises.
>
> On the other hand, the *Kahn* principle should not be construed to impose a duty on owners or occupiers to remedy conditions the obvious risks of which children generally would be expected to appreciate and avoid. Even if an owner or occupier knows that children frequent his premises, he is not required to protect against the ever-present possibility that children will injure themselves on obvious or common conditions." 73 Ill. 2d 316, 326, 383 N.E.2d 177, 180.

■■ The recent cases following *Corcoran* recognize that an innocuous condition, although not in and of itself dangerous, may become so when joined with other nondangerous situations or instrumentalities. (*Novak v. C.M.S. Builders & Developers* (1980), 83 Ill. App. 3d 761, 404 N.E.2d 918.) Thus, the rule is not that it is the defectiveness or dangerousness of the agency or condition which makes the injury foreseeable. Rather, it is the knowledge of the presence of children, the type of agency or condition, and the surroundings which make up the dangerousness that makes the injury foreseeable and thereby establishes the duty to remedy.

A plaintiff's complaint must, therefore, in order to allege a duty, state sufficient allegations to factually establish that an innocuous condition or agency has combined with some other surroundings or circumstances which render it dangerous to children. The trial court must be able to conclude that the condition exposes children to risks greater than they encounter normally. (*Corcoran; Prince v. Wolf* (1981), 93 Ill. App. 3d 505, 417 N.E.2d 679.) This plaintiff has failed to do.

Plaintiff has merely alleged that a pile of debris presents a dangerous condition to children. The complaint is insufficient to allow the trial court to determine if other conditions existed which made the condition dangerous to children. Thus, defendant's duty was one of ordinary care only.

■■ The second amended complaint, therefore, falls within the second

class of cases described by *Corcoran*, those which children generally would be expected to appreciate and avoid. It therefore fails to state a cause of action under either ordinary negligence, or under *Kahn* as expounded in *Corcoran*. The trial court was correct in dismissing count II.

We now turn to count I which requires less discussion. Plaintiff alleged that defendant was negligent in failing to maintain the common areas pursuant to statutory duties.

■■ Violation of a public safety measure is *prima facie* negligence, even though it is a regulation adopted pursuant to statute. (*Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497; *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) However, count I must fail as well.

We are not persuaded that the regulation cited by plaintiff is a public safety measure. The particular section cited by plaintiff in count I (24 C.F.R. §801.101 (1975)) deals only with the applicability and scope of section 23, Housing Assistance Payment, regulations. An examination of section 801.101 reveals that the regulations on policy and procedure apply only to the making of housing assistance payments pursuant to an Annual Contributions Contract.

Moreover, the only regulation which even remotely relates to plaintiff's allegation of duty is found in section 800.103(q). That section provides that the local housing authority shall make "inspections prior to leasing and inspections *at least annually to determine that the units* are maintained in decent, safe, and sanitary condition * * *." (Emphasis added.) (24 C.F.R. §800.103(q) (1975).) A failure to comply is a default of the Annual Contributions Contract.

We do not read this regulation as imposing more than a contractual obligation. Further, plaintiff did not allege a failure to make the required inspections.

Finally, section 800.103(p) requires that the owner perform all ordinary and extraordinary maintenance. We do not believe that this section places any greater duty to remedy upon an owner of land than does the common law. Thus, having determined that plaintiff failed to allege a common law duty, plaintiff's complaint has no greater strength on the basis of these regulations.

Moreover, plaintiff did not raise this issue on appeal, and it is therefore waived under Supreme Court Rule 341(e)(7). 73 Ill. 2d R. 341(e)(7).

Since neither count of the second amended complaint alleges a duty, it fails to state a cause of action. Therefore, the trial court was correct.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.